CONVERSE *v.* HERP.

CONTRACTS—RESCISSION—MENTAL COMPETENCY.

> In suit to recover amount furnished by plaintiff toward home
> for his half-niece, her husband, and daughter, where evidence
> shows that at time of transaction plaintiff was mentally com-
> petent and 'was not taken advantage of, but that it was agreed
> he should be paid four per cent. upon amount advanced dur-
> ing his lifetime, and at his death obligation should end, decree •
> of court below dismissing suit is modified, on appeal, and re-
> manded to court below to determine amount of interest due.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted April 14, 1931. (Docket No. 89, Calendar No.
35,484.) Decided June 1, 1931.

Bill by James Converse against Edwin J. Herp
and others for an accounting, to secure a lien on
real estate, and other relief. Bill dismissed. Modi-
fied and remanded.

*William J. Landman,* for plaintiff.

*Linsey, Shivel & Phelps* and *John H. Vander Wal,*
for defendant Mildred Herp.

BUTZEL, C. J. Plaintiff James Converse is a half-
uncle of Mildred Herp, who, with her husband, Ed-
win J. Herp, and their young daughter, Coleta, are
defendants herein. Plaintiff, at the age of 78 or
thereabouts, went to live with defendants. He was a
Civil War veteran with some means. He was ex-
tremely fond of Coleta, and wanted her to be the
object of his benefactions. Two years after he went

to live with the Herps, they purchased a home at 234 Prospect street, in Grand Rapids, Michigan, for the sum of $3,725. Plaintiff furnished $2,000 of this sum. Title was taken in the name of Mr. and Mrs. Herp. Later, it was deeded to a third party, who in turn deeded it back to plaintiff, Mr. and Mrs. Herp, and Coleta, as joint tenants. Plaintiff claims in his bill of complaint, that, in consideration of contributing the $2,000, Mr. and Mrs. Herp were to furnish him room and board at the rate of $30 a month, and pay him four per cent. per annum on the $2,000. The record indicates that interest was to be paid to plaintiff during his lifetime and that upon his death this obligation was to end. Plaintiff lived with the Herps for some time, and intermittently would leave them and then return again. The latter part of the year in which plaintiff acquired his interest in the property, he deeded it to the Herps and took back a mortgage for $500. Subsequently, he discharged the mortgage. Plaintiff claims that he was suffering from very high blood pressure and was not in mental condition to know what he was doing or to resist the importunities of Mrs. Herp when he deeded his interest in the property and also when he discharged the mortgage.

In his bill, he asks for a decree for the $2,000 and interest, also the sum of $200 he contributed towards the purchase of an automobile, a like sum for money he loaned to Mr. and Mrs. Herp to make repairs, also various additional amounts represented by personal loans to Mr. Herp. He further asks that the repayment be secured by a lien against the interest of Mr. and Mrs. Herp in the real estate.

Plaintiff finally left the Herp home in the midst of much domestic discord between Mr. and Mrs. Herp, which culminated in the divorce court. In the

divorce decree in the lower court, Mrs. Herp was awarded the property on which plaintiff claims a lien. The decree was subsequently set aside in this court and the divorce bill dismissed. See *Herp* v. *Herp, ante,* 33. While the appeal was pending in this court, plaintiff's case was heard. Mr. Herp appeared as witness for plaintiff and seemed anxious that plaintiff recover the amount claimed, but that it be paid out of the property awarded Mrs. Herp. He thus sought to avoid liability on his part. The trial judge concluded from the testimony that plaintiff's suit was largely brought through Herp's assistance, and that it was a by-product of the bitterness engendered in the divorce proceedings. He rendered a decree dismissing the bill.

On reading the record, we are impressed with the fact that plaintiff was a bright, old gentleman, with a good memory and well able to take care of himself; that he was not in any way taken advantage of, although he may not have been treated with such kindness as his generosity deserved. His testimony is positive in stating that he furnished the money to help Coleta, and that he wanted her to have an interest in the property, and that he was purchasing such interest for her and helping the family along. Except for the $2,000 put into the home and $200, a gift or contribution towards the purchase of an automobile, the other items claimed by plaintiff were personal loans, for the recovery of which he has an adequate remedy at law. The testimony shows that plaintiff was to receive the sum of four per cent. per annum on $2,000 during the balance of his lifetime, and that the obligation to pay interest was not discharged by the giving of the quitclaim deed, the mortgage, and its discharge. On October 8, 1928, several years after the execution of all these papers,

defendant Mildred Herp paid plaintiff interest, and plaintiff executed a receipt showing that interest was still being paid.

No objection was made to the jurisdiction of the court. The giving of the deed and the discharge of the mortgage show that plaintiff surrendered his interest and lien on the property. The obligation to pay the interest on $2,000 during plaintiff's lifetime and a debt of $200 for money loaned by plaintiff to defendants to repair the house, however, were not discharged.

Plaintiff, therefore, should have a money decree without a lien on the real estate for the repayment of the interest and the $200 loaned to Mr. and Mrs. Herp. This is without prejudice also to plaintiff's right to recover $400, which he claimed he loaned to Mr. Herp alone, and for the recovery of which he may have an adequate remedy at law. The case is remanded to the trial court for the purpose of determining the amount of interest thus due, and entering a decree in accordance with this opinion. It is modified to this extent; otherwise it is affirmed, with costs to plaintiff.

WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with BUTZEL, C. J. McDONALD, J., concurred in the result.